UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BAKER PETROLITE CORPORATION                CIVIL ACTION

VERSUS                                     NO: 09-7046

JEFFREY L. BRENT                           SECTION: "A" (2)

**ORDER AND REASONS**

Before the Court is a **Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rec. Doc. 14)** filed by defendant Jeffrey L. Brent. Plaintiff Baker Petrolite Corp. opposes the motion. The motion, set for hearing on March 3, 2010, is before the Court on the briefs without oral argument.

**I. BACKGROUND**

Baker Petrolite Corp. ("BPC") brings this state law action against Jeffrey Brent asserting claims under the Louisiana Uniform Trade Secrets Act ("LUTSA"), the Louisiana Unfair Trade Practices Act ("LUTPA"), and Louisiana law generally. BPC claims jurisdiction in federal court pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction.

BPC hired Brent in 1998 as an account manager in BPC's industrial division, working out of Baton Rouge, Louisiana. Over the next ten years Brent worked for BPC selling water treatment and process chemical programs in Louisiana. (Comp. ¶ 6). In February 2008 BPC placed Brent at Shell Corporation's Norco plant

1

in order to maintain BPC's industrial water treatment business at that location and to foster BPC's business relationship with Shell. Brent stayed in his role at Shell's Norco facility until his employment with BPC ended in March 2009. (Comp. ¶ 7). BPC asserts that Brent had access to numerous trade secrets during his employment with BPC. (Comp. ¶¶ 8-9).

BPC claims that Brent performed work on behalf of BPC competitors after leaving his employment with BPC and that in doing so he disclosed or used BPC trade secrets to injure the company. (Comp. ¶¶ 12-14). BPC seeks treble damages and attorney's fees. (Comp. ¶ 5).

Brent now moves to dismiss the complaint arguing that BPC fails to allege sufficient facts to state a claim under either the LUTSA or the LUTPA. As to the LUTPA claim, Brent contends that BPC has failed to allege standing as either a business competitor or a consumer.

## II. **DISCUSSION**

Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted. Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570 (5th Cir. 2005) (citing Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000)). In deciding a motion to dismiss under Rule 12(b)(6), the district court accepts as true those well-pleaded factual allegations in the complaint. Id. (citing C.C. Port, Ltd. v. Davis-Penn Mortgage Co., 61 F.3d

288, 289 (5th Cir. 1995)). To survive a Rule 12(b)(6) motion to dismiss, a complaint "does not need detailed factual allegations," but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true "raise a right to relief above the speculative level." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)). Conversely, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Id. (quoting Twombly, 127 S. Ct. at 1966).

The elements of a claim under the LUTSA are 1) the existence of a trade secret, 2) misappropriation of the trade secret, and 3) actual loss caused by the misappropriation. Tubos de Acero de Mexico, SA v. Am. Int'l Invest. Corp., 292 F.3d 471, 483 (5th Cir. 2002). The statutory scheme was enacted to replace conflicting laws in this state regarding the misappropriation of trade secrets. Reingold v. Swiftships, Inc., 210 F.3d 320, 322 (5th Cir. 2000). LUTSA does not affect contractual or other liability that is not based upon the misappropriation of a trade secret. Id. (quoting La. R.S. 51:1437(B)(1) & (2)).

LUTPA confers a private right of action on "[a]ny person who suffers any ascertainable loss of money . . . as a result of the

3

use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by [section] 51:1405" of the Act. La. Rev. Stat. Ann. § 51:1409(A). Section 1405 declares that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful." La. Rev. Stat. Ann. § 51:1405. In order to have standing to bring a claim under the LUTPA the plaintiff must demonstrate that he is either a consumer or business competitor. Tubos de Acero De Mexico v. Am. Int' Invest. Corp., 292 F.3d 471, 480 (5th Cir. 2002).

BPC's complaint alleges all of the elements of a LUTSA claim: a trade secret, misappropriation, and injury. The factual allegations are sparse and somewhat conclusory but Rule 8 continues to require only "a short and plain statement of the claim." Fed. R. Civ. Pro. 8(a)(2). The Twombly decision supra, "merely explicates, rather than alters, the meaning of the Rule." Lormand v. US Unwired, Inc., 565 F.3d 228, 258 (5th Cir. 2009). Twombly does not create a heightened pleading standard beyond what Rule 8 has always required. Id. (quoting Twombly, 127 S. Ct. at 1973 n.14).

Likewise, BPC has sufficiently pled a LUTPA claim. The evidence produced in discovery might ultimately fail to demonstrate that Brent competed against BPC or that he conspired with BPC's business competitors to injure the company. See

Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc., 14 So. 3d 1 (La. App. 4th Cir. 2009).  But the complaint need not be dismissed on the merits at this juncture.

That said, even though the complaint is sufficient to withstand dismissal on the merits, it is not sufficient to withstand dismissal for lack of subject matter jurisdiction.  Brent's motion did not challenge the complaint on jurisdictional grounds.  But federal subject matter jurisdiction cannot be established by consent or waiver.  Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999).  A federal court is duty-bound to examine the basis for its jurisdiction sua sponte if necessary.  Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008) (quoting Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004)).

BPC's claims are based solely on state law.  28 U.S.C. § 1332(a)(1) provides for original jurisdiction where the amount in controversy exceeds $75,000.00 (exclusive of interest and costs) and the matter in controversy is between *citizens* of different states.  The Court has no basis in light of the paucity of facts alleged to conclude that the amount in controversy exceeds $75,000.  For purposes of stating a claim BPC has alleged only that Brent caused "injury" to the company.  An allegation of unexplained "injury" along with a demand for treble damages and attorney's fees does not establish jurisdiction in federal court.

Further, the complaint fails to allege the citizenship of each party. A pleading invoking federal jurisdiction must distinctly and affirmatively allege the specific *citizenship* of the parties and allegations regarding *residency* are insufficient to establish subject matter jurisdiction. Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988); Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984). Moreover, jurisdiction cannot be established by mere inference. Getty Oil, 841 F.2d at 1259 (citing Ill. Cent. Gulf. R. Co. v. Pargas, Inc., 706 F.2d 633, 636 n.2 (5th Cir. 1983)).

In sum, BPC's complaint, while sufficiently pled to avoid dismissal on the merits, is not sufficient to avoid dismissal for lack of jurisdiction. The Court will allow BPC the opportunity to amend its complaint in order to avoid dismissal.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rec. Doc. 14)** filed by defendant Jeffrey L. Brent is **DENIED**;

**IT IS FURTHER ORDERED** that by **Friday, March 26, 2010**, Plaintiff shall move to amend its complaint in order to establish jurisdiction.

March 8, 2010

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE